TIFFT, LAYER & CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12456. Promulgated June 8, 1928.

*Howard Burrt, Esq.*, for the petitioner.
*A. S. Lisenby, Esq.*, for the respondent.

484

## OPINION.

Smith: The evidence of record in this case shows that the petitioner meets all the requirements of a personal service corporation, as defined in section 200 of the Revenue Act of 1921. The deficiency notice from which the petitioner appealed to this Board shows that the respondent denied personal service corporation classification upon the ground that the income is not primarily due to the personal services of the principal owners. The evidence clearly refutes this contention. All or substantially all of the income of the petitioner was clearly ascribable to the individual efforts of Tifft and Layer. Cf. *F. Merges & Co.*, 11 B. T. A. 444.

Section 218(d) of the Revenue Act of 1918 provides in part as follows:

The net income of the partnership shall be computed in the same manner and on the same basis as provided in section 212 except that the deduction provided in paragraph (11) of subdivision (a) of section 214 shall not be allowed.

The fact that the net income of the corporation is not distributable to the stockholders equally or according to the shareholdings of Tifft and Layer does not operate to bar the petitioner from personal service corporation classification. The requirement of the statute is simply that the profits shall be distributed in accordance with their " respective shares." As we interpret the statute the profits may be divided among the respective stockholders upon any basis which may be agreed upon between them. Under the trust agreement entered into between Tifft and Layer three-fourths of the net income of the petitioner for the year 1921 belonged to Tifft and one-fourth to Layer.

> *Judgment of no deficiency will be entered for the petitioner.*